Case 3:16-cv-05508-RBL   Document 1-1   Filed 06/21/16   Page 1 of 4

Print Form

Instructions for use:
1. Check the above box "Highlight Fields" to show fields on this form.
2. Complete the form.
3. Print, sign the document, and file with the court..

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

MARCIA MILES

    Plaintiff(s)

vs.

STATE OF WASHINGTON; SUSAN L. CARLSON; HONORABLE CHIEF JUSTICE BARBARA MADSEN

    Defendant(s),

3:16-cv-5508 RBL

**COMPLAINT**

**Parties to this Complaint:**

Plaintiff's Name, Address and Phone Number

MARCIA MILES
8620 ROOSEVELT WAY NE. #101
SEATTLE, WA 98115-3012
(206) 218-5444

Defendant's Name, Address and Phone Number

STATE OF WASHINGTON
WASHINGTON STATE ATTORNEY GENERAL'S OFFICE (?)
1125 WASHINGTON STREET SE
OLYMPIA, WA 98504-0100
(360) 753-6200

Defendant's Name, Address and Phone Number

SUSAN L. CARLSON
TEMPLE OF JUSTICE
415 12TH AVE SW
OLYMPIA, WA 98501
(360) 357-2077

Page 1 of 4

Defendant's Name, Address and Phone Number

HONORABLE CHIEF JUSTICE BARBARA MADSEN
TEMPLE OF JUSTICE
415 12TH AVE SW
OLYMPIA, WA 98501
(360) 357-2077

(If you have more defendants, list them using the same outline on another piece of paper. Attach additional sheets, if necessary)

## Jurisdiction

(Reason your case is being filed in federal court)

THIS COURT HAS JURISDICTION OVER VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990, THE 2011 AMENDMENTS OF THAT ACT, AND SECTION 504 OF THE REHAB ACT.

## Statement of Claim:

(State here as briefly as possible the facts of your case.)

Plaintiff is both physically and mentally disabled. She is a qualified individual under 42 U.S.C. section 12102 and is pro se in a civil rights case pending before the Washington State Supreme Court.

The underlying cause of action was initiated in King County Superior Court in February of 2015. It was remanded by the defendants to this Court and presided over by Honorable James L. Robart. The caption: Marcia Miles v. Ben A. Goold, et al. (2:15-cv-00431-JLR) Of note, Title II Accommodations were an issue in this courthouse as well. The case was remanded by Judge Robart and dismissed by King County Superior Court on January 15, 2016. This dismissal was done after failing to comply with accommodation requests, while a motion was actually pending, and in defiance of legal precedent.

Due to the refusal of courthouse staff to amend the errors and assist Plaintiff, she timely appealed directly to the Supreme Court for the State of Washington. They were presented with a request for accommodations and motion to waive fees. Supreme Court Clerk Susan L. Carlson refused to engage in effective communication and to modify policies and procedures. This resulted in significant confusion and distress for plaintiff as she had previously been granted a fee waiver. Washington courts have adopted General Rule 33 which specifically mentions representational accommodation.

Plaintiff also felt some legal assistance was due, not under the argument of a Civil Gideon but because the circumstances of the underlying case are unique. She reserves legal argument. March 30, 2016, the court entered an order that was unlawful and discriminatory. The order denied all accommodations citing the "capacity" of the plaintiff and comparing her to people who are not disabled. The order was mailed to plaintiff along with a letter from Susan L. Clarkson stating that reconsideration was not possible and that no further action would be taken regarding the accommodation requests.

It was pointed out to Ms. Carlson that "capacity" is not a valid reason upon which an entity may deny and refuse to provide Title II accommodations and therefore the ordewas legally invalid. Ms. Carlson responded by mocking plaintiff in an email shared with defense counsel. Inarguably, plaintiff is intelligent and resourceful but that has nothing to do with disabilities. If it did then Stephen Hawking wouldn't be considered disabled, which is absurd

**Statement of Claim**
(continued):

Plaintiff also requested that Ms. Carlson not exclude her from email communications with counsel, but she continued to do so in addition to ignoring reasonable accommodation requests sent via email. Based on information and belief, Ms. Carlson is a contributing alumni member of defendant University of Washington. The supreme court has no grievance process or person to handle grievances which is also unlawful. They have a facility access coordinator the plaintiff has spoken with several times.

In their last conversation she told him her suicidality was increasing and he said there was nothing he could do. Several letters from plaintiff's physicians have been written to the courts since 2013. The most recent letter sent to the supreme court stated that her health conditions were worsening. This was also ignored. At present, she has yet another viral infection due to stress, is in extreme pain from another issue and requires physical therapy. She cannot do that, cope with all of her other conditions and fight the judicial system's inability, ignorance, indifference, or corruptability in failing to follow state and federal law.

The last she heard, the State was threatening to dismiss her case with no opportunity to be heard. To do so would be to deny her several constitutionally protected rights - access, due process, and fundamental liberty interests at stake. And so, as Nick Katzenbach might have said, the intervention of this Court is required to end the "Stand in the Courthouse Door."

**Relief:**

(State briefly exactly what you want the court to do for you)

Plaintiff respectfully requests the following relief be granted:

1) An order (writs of mandamus have been abolished?) directing the court and it's clerk to uphold the Constitution and laws as they took an oath of office to do, stop discriminating against plaintiff, modify policies and procedures - reasonably, and provide her with a fair and meaningful opportunity to be heard;

2) Minor compensation to help pay back loans necessary for the appeal, for humiliation, emotional distress, and the resulting exacerbation of medical conditions;

3) Reimbursement for permissible costs or fees incurred as a result of this action such as reimbursement to the court or whatever agency should civil counsel be provided. That should be separate from what plaintiff seeks;

4) Any other equitable relief deemed necessary and just.

**Jury Demand:**
(Optional)

Yes. Plaintiff may be open to mediation.

6/21/16
Date

Signature of Plaintiff