HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCIA MILES,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. C16-5508-RBL

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

[DKT. #1]

THIS MATTER is before the Court on Plaintiff Miles' Motion for Leave to Proceed *in forma pauperis* [Dkt. #1], supported by her proposed complaint. Miles asserts she is mentally and physically disabled. Miles previously sued "Ben Goold, et al." in King County, and the defendants removed the case to this court. *See Miles v Goold*, No. 15 CV 00431JLR. Judge Robart remanded the case to King County, where it was dismissed. Miles claims she timely appealed directly to the Supreme court of Washington, but the Clerk—defendant Carlson—refused to "engage in effective communication and to modify policies and procedures." Apparently, the underlying case remains at the Supreme Court.

In this case, Miles asks the Court to "direct the Supreme Court and its clerk to uphold the constitution and laws and stop discriminating against the plaintiff, modify policies and

procedures – reasonably, and provide her with a fair and meaningful opportunity to be heard." She also seeks compensation for her appeal and for emotional distress, and costs. [Dkt. #-1 at 4]

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Miles' proposed complaint does not meet this standard.  First, she has alleged no facts, at all.  She has not described the underlying case, the accommodations she seeks, or the nature of the discrimination she has faced.  Her complaint is purely conclusory.

Second, even if she added factual context supporting her conclusory claims, this court does not have jurisdiction to generally "Order" the Washington Supreme Court to "uphold the Constitution." And it does not have jurisdiction to review that Court's decisions or reasoning, even if Miles articulated facts that would support her conclusory claim that the Court and its Clerk are failing to accommodate her (which she has not).

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Finally, a litigant cannot sue the judge or the court presiding over her case in federal court (or anywhere else) for ruling against her. *See Pierson v Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978) (Judges enjoy absolute judicial immunity from civil suit for judicial acts taken within the scope of their jurisdiction). The Clerk is similarly entitled to quasi-judicial immunity from all such claims. *Mireles v. Waco*, 502 U.S. 9 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1074 (9th Cir. 1986); *Giampa v. Duckworth, 586 F. App'x 284* (2014) (clerk has quasi-judicial immunity).

For these reasons, Miles has not met the standard for obtaining *in forma pauperis* status, and her Motion for Leave to Proceed in that manner is **DENIED**. She shall pay the filing fee or

1  file a proposed amended complaint addressing and curing these deficiencies within **21 days** of
2  this Order.

3        Miles is **cautioned**, however, that there is nothing in her current complaint that would
4  survive a motion to dismiss. She cannot "fix" her complaint to allege a viable claim against the
5  Washington Supreme Court for the manner in which it resolved or even considered her "direct
6  appeal" of the King County Superior Court's order of dismissal. She cannot obtain a monetary or
7  other judgment against the Clerk for the performance of her duties. The flaws are in the nature of
8  the claims themselves, not just the paucity of facts supporting them. Any proposed amended
9  complaint asserting similar claims, or seeking similar relief, will not result in *in forma pauperis*
10 status.

11       IT IS SO ORDERED.

12       Dated this 12th day of July, 2016.

                                                              Ronald B. Leighton
                                                              United States District Judge